CHRISTOPHER HOWELL,               )
                                        )
            Plaintiff,           )           Case No.:  13-cv-4
                                          )
v.                                 )
                                        )
UNITED COLLECTION BUREAU, INC.,   )
CLIENT SERVICES, INC., & ACCOUNTS   )
RECEIVABLE MANAGEMENT, INC.      )           Jury Trial Demanded
                                          )
            Defendants.       )

---

# COMPLAINT

---

## INTRODUCTION

1.      This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## JURISDICTION

2.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3.      This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in their illegal efforts to collect a consumer debt.

4.      Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

[1]

## PARTIES

5.      Plaintiff, Christopher Howell (hereinafter referred to as "Plaintiff" and/or "Mr. Howell"), is a resident of this State, District and Division who is authorized by law to bring this action.

6.      Defendant UNITED COLLECTION BUREAU, INC. (hereinafter referred to as "Defendant UCB") is a corporation organized under the laws of the State of Ohio.

7.      Defendant UCB may be served by personal service upon its registered agent, to wit:  United Collection Bureau, Inc. c/o CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN  37929.

8.      Defendant CLIENT SERVICES, INC., (hereinafter referred to as "Defendant CSI") is a corporation organized under the laws of the State of Missouri.

9.      Defendant CSI may be served by personal service upon its registered agent, to wit:  Client Services, Inc. c/o Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

10.      Defendant Accounts Receivable Management, Inc. (hereinafter referred to as "Defendant ARM") is a for-profit corporation organized under the laws of the State of Tennessee.

11.      Defendant ARM may be served by personal service upon its registered agent, to wit: John Paul Anderson, 9904 Carrington Drive, Knoxville, TN 37923-1963.

12.      Other Defendants may be discovered in the course of litigation, and Mr. Howell respectfully prays that the Court will permit the addition of later discovered parties upon motion.

[ 2 ]

## FACTS

13.     Defendants use mail in their businesses.

14.     The primary purpose of Defendants' business is the collection of debts.

15.     Defendants regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

16.     Defendants are debt collectors subject to the provisions of the FDCPA.

17.     Defendants have alleged that Mr. Howell incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by Citi Advantage World Mastercard.

18.     Sometime prior to December 31, 2011, Mr. Howell's debt was sold or otherwise transferred to Defendants for collection from Mr. Howell, when thereafter Mr. Howell received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect this debt.

19.     Mr. Howell has made no payments on his Citi Advantage World Mastercard account with the account number ending in 5711 since January 1, 2012.

20.     In the course of attempting to collect a debt allegedly due from Mr. Howell to a business not a party to this litigation, Defendants communicated with Mr. Howell on multiple occasions in a fashion that violated multiple provisions the FDCPA.


### January 5, 2012 Collection Letter from Defendant UCB

[ 3 ]

21.     Defendant UCB sent Mr. Howell a collection letter dated January 5, 2012 (see attached Exhibit A).

22.     The January 5, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collection of the debt and in an attempt to collect the debt.

23.     The January 5, 2012 letter was collecting on a Citi Advantage World Mastercard account with the account number ending in 5711.

24.     Defendant UCB's January 5, 2012 letter assigned "Account number: 52160055."

25.     The January 5, 2012 letter asserted an amount due of $9,959.92 as of January 5, 2012.

26.     In this communication to Mr. Howell, Defendant UCB violated the FDCPA.


**Collection Calls**

27.     Further, Defendants use telephone communications in their businesses.

28.     Defendants have placed multiple telephone calls to Mr. Howell.

29.     Mr. Howell has electronically saved many of these telephone calls and/or messages.

30.     Many of the messages were in violation of the FDCPA; the phone messages left by the Defendant UCB include, but are not limited to, the following:

### *January 17, 2012 Voicemail Message*

31.     On Tuesday, January 17, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

[ 4 ]

32.     The person who left January 17, 2012 message failed to identify both their name and collection company.

33.     In the message, the unidentified person states she is attempting to collect a debt but does not state she is a debt collector.

34.     The person who left January 17, 2012 message stated that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

35.     Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on January 17, 2012.

36.     Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of his Citi Advantage World Mastercard (see attached Exhibit A).

37.     The voicemail message could be heard by parties other than Mr. Howell.

38.     In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

39.     Defendant UCB, by and through its collection employees, has left many similar messages that also failed to make the necessary disclosures as required by law.

### *January 23, 2012 Voicemail Message*

40.     On Monday, January 23, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

41.     The person who left the January 23, 2012 message failed to identify both their name or the name of the collection company.

42.     In the message, the unidentified person states she is attempting to collect a debt but does not state she is a debt collector.

43.      The person who left the January 23, 2012 message states that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

44.     Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on January 23, 2012.

45.     Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard (see attached Exhibit A).

46.     The voicemail message could have been heard by parties other than Mr. Howell.

47.     In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

### *January 27, 2012 Voicemail Message*

48.     On Friday, January 27, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

49.     The person who left the January 27, 2012 message failed to identify both their name and collection company.

50.     In the message the unidentified person states she is attempting to collect a debt but does not state she is a debt collector.

51.      The person who left the January 27, 2012 message stated that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

[ 6 ]

52.     Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on January 27, 2012.

53.     Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard (see attached Exhibit A).

54.     The voicemail message could have been heard by parties other than Mr. Howell.

55.     In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

56.     Defendant UCB, by and through its collection agent employees, has left prior similar messages that also failed to make the necessary disclosures as required by law, see *supra*.

### *January 29, 2012 Voicemail Message*

57.     On Sunday, January 29, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

58.     The person who left the January 29, 2012 message failed to identify both their name and collection company.

59.     In the message the unidentified person states she is attempting to collect a debt but does not state she is a debt collector.

60.     The person who left the January 29, 2012 message asserts that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

61.     Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for

Defendant UCB on January 29, 2012.

62.     Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard account (see attached Exhibit A).

63.     The voicemail message could have been heard by parties other than Mr. Howell.

64.     In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

65.     Defendant UCB, by and through its collection agent employees, has left prior similar messages that also failed to make the necessary disclosures as required by law, see *supra*.

### *February 8, 2012 Voicemail Message*

66.     On Wednesday, February 8, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

67.     The person who left the February 8, 2012 message referenced herself as "Ms. Guantano" with United Collection Bureau, Inc.

68.     In the February 8, 2012 message, Ms. Guantano states she is attempting to collect a debt but does not state she is a debt collector.

69.      Ms. Guantano states that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

70.     Ms. Guantano goes on to state:

> I've been calling you for days now.  You know the situation that's going on.  I've been working with you for quite some time on this matter.  Now you have to get past that threshold.  You need to give me a call back today.

71.     As such, Mr. Howell is of the knowledge, information and belief that the January

17, 23, 27 and 29 voice messages referenced *supra* were left by the same person, Ms. Guantano.

72.      Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on February 8, 2012.

73.      Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard (see attached Exhibit A).

74.      The voicemail message could have been heard by parties other than Mr. Howell.

75.      In the message, Ms. Guantano failed to state that she was calling to confirm or correct location information.

76.      Defendant UCB, by and through its collection agent employees, has left prior similar messages that also failed to make the necessary disclosures as required by law, see *supra*.

### *February 13, 2012 Voicemail Message*

77.      On Monday, February 13, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

78.      The person who left the February 13, 2012 message failed to identify both their name and collection company.

79.      In the message the unidentified person states she is attempting to collect a debt, but does not state she is a debt collector.

80.      The person who left the February 13, 2012 message states that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

81. Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-

1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on February 13, 2012.

82.     Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard (see attached Exhibit A).

83.     The voicemail message could have been heard by parties other than Mr. Howell.

84.     In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

### *The February 15, 2012 Voicemail Message*

85.     On Wednesday, February 15, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

86.     The person who left the February 15, 2012 message referenced herself as Ms. Guantano with United Collection Bureau, Inc.

87.     In the February 15, 2012message, Ms. Guantano states she is attempting to collect a debt but does not state she is a debt collector.  She only states that she can be reached at "800-935-1798, extension 63907" and provides the reference number "52160055."

88.     In the February 15, 2012 voicemail message, Ms. Guantano states:

> Listen. This is Ms. Guantano.  **I'm calling you daily at your work.**  I'm calling you and you're always on a test drive.  Listen.  Your time is running out.  I've been working with you for some time now.  This communication is an attempt to collect this debt.  Any of the information, Chris, that has been obtained will be used for that purpose. So please do not continue to disregard this call.  It is important.  The matter is time sensitive, so please return this call Chris.

89.     Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-

1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on February 15, 2012.

90.     Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard (see attached Exhibit A).

91.     The voicemail message could have been heard by parties other than Mr. Howell.

92.     In the message, Ms. Guantano failed to state that she was calling to confirm or correct location information.

### _The March 2, 2012 Voicemail Message_

93.     On Friday, March 2, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

94.     The person who left the March 2, 2012 message failed to identify both their name and collection company.

95.     In the message the unidentified person states she is attempting to collect a debt but does not state she is a debt collector.

96.      The person who left the March 2, 2012 message asserted that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

97.     Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on March 2, 2012.

98.     Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB  assigned to its collection of Mr. Howell's Citi

[11]

Advantage World Mastercard (see attached Exhibit A).

99.     The voicemail message could have been heard by parties other than Mr. Howell.

100.    In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

### *The March 7, 2012 Voicemail Message*

101.    On Wednesday, March 7, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

102.    The person who left the March 7, 2012 message failed to identify both their name and collection company.

103.    In the March 7, 2012 voicemail message, Defendant UCB acknowledged the impropriety of leaving a phone message by stating "do not listen to the phone message where other people can hear it.  It does contain personal private information."

104.    In the message the unidentified person states she is attempting to collect a debt but does not state she is a debt collector.

105.     The person who left the March 7, 2012 message asserts that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

106.    Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on March 7, 2012.

107.    Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard (see attached Exhibit A).

[12]

108.    The voicemail message could have been heard by parties other than Mr. Howell.

109.    In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

### *The March 10, 2012 Voicemail Message*

110.    On Saturday, March 10, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

111.    The person who left the March 10, 2012 message failed to identify both their name and collection company.

112.    In the message, the unidentified person states she is attempting to collect a debt but does not state she is a debt collector.

113.    The person who left the March 10, 2012 message states that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

114.    Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on March 10, 2012.

115.    Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard (see attached Exhibit A).

116.    The voicemail message could have been heard by parties other than Mr. Howell.

117.    In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

118.    In its March 10, 2012 collection call, Defendant UCB's collection representative

[13]

asserts: "Now sir, please do not continue to disregard the calls. **We've made numerous attempts everywhere to contact you** in regards to this matter but you won't return the calls."

119.     Defendant UCB, by and through its collection agent employees, has left prior similar messages that also failed to make the necessary disclosures as required by law, see *supra*.

120.     In communicating with Mr. Howell, Defendant UCB violated the Fair Debt Collection Practices Act.

### *The March 14, 2012 Voicemail Message*

121.     On Wednesday, March 14, 2012, Defendant UCB, via its collection agent(s), left a voice message for Mr. Howell in an attempt to collect a debt.

122.     The person who left the March 14, 2012 message failed to identify both their name and collection company.

123.     In the message the unidentified person states she is attempting to collect a debt but does not state she is a debt collector.

124.      The person who left the March 14, 2012 message asserted that she can be reached at "800-935-1798, extension 63907" and provided the reference number "52160055."

125.     Mr. Howell is informed, and therefore asserts, that the telephone number 800-935-1798 is a telephone number of Defendant UCB, or was an active telephone number for Defendant UCB on March 14, 2012.

126.     Mr. Howell is informed, and therefore asserts, that the reference number 52160055 is the account number Defendant UCB assigned to its collection of Mr. Howell's Citi Advantage World Mastercard (see attached Exhibit A).

127.     The voicemail message could have been heard by parties other than Mr. Howell.

128.     In the message, the unidentified party failed to state that she was calling to confirm or correct location information.

129.     Defendant UCB, by and through its collection agent employees, has left prior similar messages that also failed to make the necessary disclosures as required by law, see *supra*.

130.     In communicating with Mr. Howell, Defendant UCB violated the Fair Debt Collection Practices Act.

131.     In addition to the litney of phone calls directly to Mr. Howell, Mr. Howell additionally asserts Ms. Guantano called his place of employment on several occasions within the past year.

132.     In these phone calls to Mr. Howell's employer, Ms. Guantano never identify herself or her employer but would leave a very minimal amount of information with Mr. Howell's co-workers who would relay these messages to Mr. Howell.

133.     In these phone calls to Mr. Howell's employer, Ms. Guantano never explained that she was a debt collector or that she was attempting to collect a debt.


**April 20, 2012 Collection Letter from Defendant CSI**

134.     Defendant CSI sent Mr. Howell a collection letter dated April 20, 2012. (see attached Exhibit B).

135.     The April 20, 2012 collection letter was collecting on the same Citi Advantage World Mastercard account with the account number ending in 5711.

136.     Defendant CSI's April 20, 2012 letter assigned "REFERENCE NUMBER 015069893."

137.    The April 20, 2012 collection letter was demanding the amount of $9,834.92 as of April 20, 2012.

**July 4, 2012 Collection Letter from Defendant CSI**

138.    Defendant CSI sent Mr. Howell a collection letter dated July 4, 2012. (see attached Exhibit C).

139.    The July 4, 2012 collection letter was collecting on the same Citi Advantage World Mastercard account with the account number ending in 5711.

140.    The July 4, 2012 collection letter demanded a balance due of $9,834.92.

**October 19, 2012 Collection Letter from Defendant ARM**

141.    Defendant ARM sent Mr. Howell a collection letter dated October 19, 2012. (see attached Exhibit D).

142.    The October 19, 2012 collection letter was collecting on the same Citi Advantage World Mastercard account with the account number ending in 5711.

143.    The October 19, 2012 collection letter demanded a balance due of $9,834.92.

144.    Defendant ARM's October 19, 2012 letter assigned "ARM Account #: 28262397."

145.    Plaintiff has complied with all conditions precedent to bring this action.

**CAUSES OF ACTION**
**FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:**
**FAILURE TO DISCLOSE DEFANDANT CALLER'S IDENTITY IN ITS ATTEMPTS**
**TO COLLECT A DEBT, AS REQUIRED BY 15 U.S.C. § 1692d(6)**

[16]

146.    The acts of Defendants constitute violations of the FDCPA.  Violations by the Defendants of the FDCPA include, but are not limited to, the following:  In phone communications with the consumer, failure by the debt collector to provide meaningful disclosure of caller's identity is a violation of 15 U.S.C. § 1692d(6).

147.    Defendant UCB called and left several voicemail messages between January 2012 and March 2012.  Specifically, in the January 17, 23, 27, 29, February 13, 15, and March 2, 7, 10 and 14, 2012 voicemails, Defendant UCB neither made a disclosure of her individual name nor the name of Defendant UCB in spite of the fact it was attempting to collect a debt.

148.    The FDCPA forbids a debt collector from contacting a consumer in the collection of debts without proper disclosure of the debt collector's identity.

149.    When Defendant UCB communicated with Mr. Howell in through several voicemails and messages at his place of employment, it violated 15 U.S.C. § 1692d(6) by its the willful omission of the caller's identity.  On at least ten (10) separate occasions Defendant UCB violated the FDCPA in this manner.

150.    Any procedures maintained (i.e., actually employed or implemented) by Defendant UCB to avoid errors under the FDCPA failed to provide the required disclosures.

151.    As a result of Defendant UCB's actions, Mr. Howell is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.


## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE BY DEFENDANT TO DISCLOSE REQUIRED 15 U.S.C. § 1692e(11) DISCLOSURES IN ITS COMMUNICATIONS

[17]

152.    The acts of Defendants constitute violations of the FDCPA.  Violations by the Defendants of the FDCPA include, but are not limited to, the following:  A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt, including failing to disclose in subsequent communications that the communication is from a debt collector, which is in violation of 15 U.S.C. § 1692e(11).

153.    Defendant UCB called and left several voicemail messages between January 2012 and March 2012.  In all of the recorded voicemails left by Defendant UCB, Defendant UCB failed to disclose it was a debt collector, as required by 15 U.S.C. § 1692e(11).

154.    When Defendant UCB communicated with Mr. Howell by leaving various messages and voicemails, it violated 15 U.S.C. § 169e(11) by willfully omitting that it was a debt collector. On at least eleven (11) separate occasions, Defendant UCB violated this provision of the FDCPA.

155.    Any procedures maintained (i.e., actually employed or implemented) by Defendant UCB to avoid errors under the FDCPA failed to provide the required disclosures.

156.    As a result of Defendant UCB's actions, Mr. Howell is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.


**THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO
THE AMOUNT OF THE ALLEGED DEBT**


157.    The acts of Defendant UCB constitute violations of the FDCPA.  Violations by the Defendant UCB of the FDCPA include, but are not limited to, the following:  The use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. § 1692e(2).

[18]

158.    The January 5, 2012 correspondence from Defendant UCB demanded the amount of $9,959.92, but then a subsequent correspondence by Defendant CSI demanded a balance due of $9,834.92 on the same account approximately three and one half months later.[1]

159.    Mr. Howell asserts that he made no payments to this account to justify the reduction in amount demanded.

160.    Mr. Howell is confused as to what amount Defendants are actually pursuing since the amounts asserted vary from Defendant UCB's January 5, 2012 correspondence claiming a balance of $9,959.92; Defendant CSI's April 20, 2012 and July 4, 2012 collection letters which both demand the lesser balance of $9,834.92; and then the October 19, 2012 collection letter from Defendant ARM demanding the same amount of $9,834.92.

161.    By assigning different account balances and interest rates or fees to the same account, none of which are the applicable contract rate of interest, Defendants have confused Mr. Howell as to what amount of money he owes on this account.

162.    By demanding a lower amount in subsequent communications despite there being no payments made on the account, Defendants have confused Mr. Howell as to what amount of money he owes on this account.

163.    As a result of Defendants' actions, Mr. Howell is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

**FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
UNAUTHORIZED CONTACT BY DEFENDANT TO THIRD PARTIES**

---

[1]   Additionally, Mr. Howell received a subsequent collection correspondence from Client Services, Inc. on July 4, 2012 regarding the same account but listed the same balance due of $9,834.92, the same amount stated in the April 20, 2012 Client Services, Inc. collection correspondence.

164.    The acts of Defendant UCB constitute multiple violations of the FDCPA. Violations by Defendant UCB of the FDCPA include, but are not limited to, the following:  The communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc . . . .

165.    Defendant UCB attempted to contact Mr. Howell on several occasions at his place of employment.

166.    When Defendant UCB contacted Mr. Howell's place of employment, the employee of the Defendant UCB would neither provided her individual name nor Defendant UCB's name, but rather would only leave her phone number with Mr. Howell's co-workers.

167.    Consequently, Defendant UCB communicated with a third party when attempting to collect a debt from Mr. Howell.  The FDCPA forbids a debt collector from communicating with any third parties except under limited circumstances not present here.

168.    In Defendant UCB's various phone calls to Mr. Howell's employer, Defendant UCB never attempted to confirm or correct location information of Mr. Howell.

169.    Without the prior consent of the consumer given directly to Defendant UCB, it may not communicate with any other person in connection with the collection of the debt, except Mr. Howell, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

## FIFTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

[20]

170.    The acts of Defendant UCB constitute multiple violations of the FDCPA. Violations by the Defendant UCB of the FDCPA include, but are not limited to, the following: Any conduct the natural consequence of which is to harass, oppress or abuse any person is in violation of 15 U.S.C. §§ 1692d.

171.    In Defendant UCB's February 8, 2012 voicemail message left for Mr. Howell, an employee for Defendant UCB, who identifies herself as Ms. Guantano states:

> "I've been calling you for days now. You know the situation that's going on. I've been working with you for quite some time on this matter. Now you have to get past that threshold. You need to give me a call back today."

172.    The tone and demeanor of this attempt to collect the debt is conduct that gives rise to the level of harassment, oppression and/or abuse, and is in violation under the FDCPA.

173.    Even more egregious is Defendant UCB's February 15, 2012 voicemail message left by Defendant UCB's employee, Ms. Guantano, which states:

> Listen. This is Ms. Guantano. **I'm calling you daily at your work.** I'm calling you and you're always on a test drive. Listen. Your time is running out. I've been working with you for some time now. This communication is an attempt to collect this debt. Any of the information, Chris, that has been obtained will be used for that purpose. So please do not continue to disregard this call. It is important. The matter is time sensitive, so please return this call Chris.

174.    Additionally, Defendant UCB's March 10, 2012 voicemail message asserts: "Now sir, please do not continue to disregard the calls. **We've made numerous attempts everywhere to contact you** in regards to this matter but you won't return the calls."

175.    The purpose of the FDCPA is to promote fair debt collection whereby debt collectors must be truthful, honest and show respect to the debtor.

[21]

176.    The collection attempts by the Defendant UCB in its various telephone calls, voicemails, and messages left at Mr. Howell's place of employment are attempts to harass, oppress or otherwise abuse Mr. Howell into payment of a debt.

177.    The purpose of FDCPA is the prevention of these types of overreaching collection tactics and means.

## SIXTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS IN ATTEMPT TO COLLECT A DEBT

178.    The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.  Defendant's violations of the FDCPA include, but are not limited to, the following:  The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

179.    The written correspondences from Defendants demand different amounts from Mr. Howell.

180.    A calculation of the time between the letters and the amounts sought shows that the letters have accrued a different amount of interest and none of them applied the contractual rate of interest.

181.    Mr. Howell's confusion as to the amount owed is exemplified through the fact that the amounts decreased inexplicably from $9,959.92 as of January 5, 2012 to $9,834.92 as of April 20, 2012.

[ 22 ]

182.     Mr. Howell's confusion as to the amount owed is further exemplified through the fact that the amount demanded did not change at all between April 20, 2012 and October 19, 2012.

183.     Mr. Howell asserts that the differing demands by Defendants are attempts to keep him confused as to the amount is owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

184.     Mr. Howell is further confused as to who he owes for his Citi Advantage World Mastercard.

185.     Mr. Howell's confusion as to who he should pay on his Citi Advantage World Mastercard account ending in 5711 is exemplified through the fact that three different collection agencies have been making demands on this account in the past year.

186.     Mr. Howell's confusion as to which account Defendants are collecting is exemplified through the fact that the three different Defendants assigned three different account/reference numbers to the same account.   Defendant UCB asserted the "Account Number:  52160055", Defendant CSI assertred "REFERENCE NUMBER 015069893", and Defendant ARM assigned "ARM Account #:  28262397."

187.     By attempting to collect varying unknown and unauthorized interest amounts through false and deceptive communications, Defendants have confused Mr. Howell as to what amount of money he owes on this account.

188.    By making demands from different collection agencies, Defendants have confused Mr. Howell as to who he owes on his Citi Advantage World Mastercard account ending in 5711 and the current the legal status of the account.

## SEVENTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

189.    The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.  Defendant's violations of the FDCPA also include, but are not limited to, the following: The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

190.    Upon information and belief, Mr. Howell asserts that Defendants have not applied the applicable contractual rate of interest for his defaulted Citi Advantage World Mastercard account ending in 5711.

191.    By asserting a balance that varied in the collection attempts, specifically assessing an inconsistent rate of interest, fees or charges on the collection letters, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

192.    Defendants' collection of varying amounts, which are less than previously demanded and accrue interest or fees at a rate other than the applicable agreement's rate, are collection attempts for amounts not expressly authorized by the agreement.

[ 24 ]

193.    As a result of Defendants' actions, Mr. Howell is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

194.    Mr. Howell is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants in favor of the Plaintiff as follows:

a)    That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b)    That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c)    That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d)    That the Court declare all defenses raised by Defendants to be insufficient; and

e)    That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the ___ day of January, 2013.

  /s/ Justin A. Brackett_____
Justin A. Brackett, BPR #024326
Brent T. Strunk, BPR #023050
Brackett & Strunk, PLLC
Attorneys for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868
consumerbk@comcast.net